(Superior Court of Cincinnati.)
BUILDING ASSOCIATION v. SAMUEL
E. HYNDMAN.

A conveyance of real estate made by an insolvent debtor to a trustee for the purpose of having a conveyance made to the wife of the grantor in satisfaction of a bona fide indebtedness from the husband to the wife, must enure to the benefit of all creditors under section 6343, R. S. Ohio, which section provides as follows: "All assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall enure to the equal benefit of all creditors in proportion to the amount of their respective claims."

JACKSON, J.; Smith and Dempsey, JJ., concur.

The plaintiff, as a judgment creditor of the defendant Samuel E. Hyndman, seeks to set aside conveyances of certain real estate, made by said Hyndman to a trustee, and by said trustee conveyed to his wife, Lizzie A. Hyndman, on or about February 6th, 1894. The petition states that Samuel E. Hyndman was at the time of said conveyance, and ever has been "unable, except for said property, to pay his debts", and that the conveyance was made "voluntarily and without consideration to his wife, the defendant, Lizzie A. Hyndman, through an intermediate trustee". Wherefore the plaintiff prays "that said conveyance may be declared null and void, and said property ordered sold under his execution, and the proceeds applied to the satisfaction of plaintiff's judgment". The separate answers of the defendants deny the alleged want of consideration, and the defendant Lizzie A. Hyndman, alleges that "she paid full and ample consideration for the property in the petition described". The case comes to this court upon the findings of fact and conclusions of law, made by the court below. The court below finds that there is due the plaintiff from said Samuel E. Hyndman, on a judgment, the sum of $3612.27, with interest from June 25, 1894; that at the time of the transfer of the property in question, said Hyndman "was indebted bona fide to his wife, Lizzie A. Hyndman, upon a certain promissory note, dated Febru-

ary 5th, 1893, for $4,500, with 6 per cent. interest from date, which note was wholly due and unpaid;" and that said Hyndman, for the purpose of paying his bona fide indebtedness to his wife, executed and delivered a deed to John H. McClafferty, for the property described on February 6th, 1894, and that said McClafferty executed and delivered, to Mrs. Hyndman, a deed to said property on February 7th, 1894. The court below further finds, that the land was conveyed to McClafferty for the sole purpose of having him make a conveyance of the same to Mrs. Hyndman, in payment of the aforesaid indebtedness, from Hyndman to his wife, and also finds "that at the time said deeds were executed, Samuel E. Hyndman was indebted to plaintiff herein, and that said Samuel E. Hyndman was insolvent". Accordingly it was held that the plaintiff was not entitled to the relief sought.

The plaintiff contends that, notwithstanding there was a full consideration to support a conveyance from Hyndman to his wife direct, that inasmuch as the conveyance was made not to her direct, but to a trustee, the said conveyance must enure to the benefit of all creditors. In support of this contention, plaintiff relies upon sec. 6343, R. S. Ohio, as follows: "All assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the equal benefit of all creditors in proportion to the amount of their respective claims."

Defendants rely upon the case of Hitesman v. Donnel, 40 Ohio St., 287, to the effect that a mortgage executed by an insolvent debtor to a trustee, to secure a bona fide indebtedness to his wife, does not inure to the benefit of all creditors. But this decision was announced before the amendment to sec. 3112, R. S. Ohio, which authorizes a husband to enter into any engagement or transaction directly with his wife. Since this amendment the rule has been declared otherwise in case of Bank v. Miller, 9 Ohio Circuit Court, 111, as follows:" We hold that

[COPYRIGHT, 1899, BY CARL G. JAHN.]

the reason of the rule, or rather the reason for the exception to the general rule as stated in Hitesman v. Donnel having ceased, the rule itself ceased, and that the mortgage should enure to the benefit of all the creditors of John P. Miller under the provisions of sec. 6343, of the Revised Statutes". The second syllabus of the case of Bank v. Miller, 9 Ohio Circuit Court, 111, is as follows: "A mortgage duly executed and delivered by an insolvent debtor to a trustee for the use and benefit of the wife of said debtor, to secure a bona fide indebtedness to said wife, should inure, under the provisions of sec. 6343, R. S. Ohio, to the benefit of all the creditors of said debtor in proportion to the amount of their respective claims ".

But it is contended by defendants that there is a distinction between a mortgage thus given to *secure* an indebtedness, and a conveyance made through a trustee, which is intended to be *in full payment* and discharge of an indebtedness. In the case of a mortgage thus given, it is said that the debt still exists, and that the trustee is clothed with an active trust, while in the case of a conveyance such as the one at bar, the trustee acts merely as a conduit or intermediary to make a deed in extinguishment of a debt. But we fail to see the force of this distinction for the purpose of the provision of sec. 6343, R. S. Ohio. We think the statute is sufficiently broad to over all assignments in trust, and that in either case the trust for the benefit of all creditors attaches immediately upon the execution and delivery of the deed made to a trustee for the purpose of preferring one or more creditors. We think this view is fully supported by the case of Maas v. Miller, 58 Ohio St., 483 and 499 where it is held that the right of all creditors of a grantor accrues contemporaneously with the execution of a deed of trust intended for the payment of one or more creditors.

It follows that the judgment of the court below must be reversed. The said Lizzie A. Hyndman will be required to re-convey the property in question to the trustee John H. Mc-Clafferty, and failing so to do the decree may be taken as such conveyance, and the said McClafferty will hold said property as trustee for the benefit of all creditors in proportion to the amount of their respective claims.

D. S. Oliver, for Plaintiff in Error.
H. P. Lloyd, for Defendant in Error.